IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| VIZIONWORKS, LLC, a limited liability company, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CASE NO. 2:07-cv-96-MEF |
| DOYCE W. ELLENBURG, an individual; SHIRLEY F. ELLENBURG, an Individual; SUMMIT REALTY SOUTHEAST, LLC, a corporation, | * * * * * | |
| Defendants. | * | |

## DEFENDANTS DOYCE W. ELLENBURG AND SHIRLEY F. ELLENBURG'S MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE

COME NOW the Defendants Doyce W. Ellenburg and Shirley F. Ellenburg, by and through counsel, pursuant to 28 U.S.C. § 1404, and file this Motion for Change of Venue from the United States District Court for the Middle District of Alabama to the United States District Court for the Southern District of Alabama. In support of this Motion, the Defendants state as follows:

### INTRODUCTION

Plaintiff Vizionworks, LLC has sued Defendants Doyce W. Ellenburg and Shirley F. Ellenburg for breach of a Commercial Real Estate Purchase and Sale Agreement and for specific performance of that Agreement. Plaintiff names Summit Realty Southeast, LLC as the stakeholder. Plaintiff also requests a Declaratory Judgment regarding escrowed funds paid by the Plaintiff. Defendants Doyce W. Ellenburg and Shirley F. Ellenburg have filed an answer to this action denying all of the allegations in

Plaintiff's complaint and have counterclaimed for specific performance of the Agreement.

## STATEMENT OF MATERIAL FACTS

Defendants Doyce W. Ellenburg and Shirley F. Ellenburg are residents of Baldwin County, Alabama, which is located in the Southern District of Alabama. (Ellenburg Affidavit ¶ 1). The Defendants Doyce W. Ellenburg and Shirley F. Ellenburg are the owners of the real property in question, Rattlesnake Ridge Horse Farm, which is located in Baldwin County, Alabama. (Complaint ¶ 4). Plaintiff and Defendants Doyce W. Ellenburg and Shirley F. Ellenburg entered into a Commercial Real Estate Purchase and Sale Agreement for the purchase of Rattlesnake Ridge Horse Farm. (Complaint ¶ 5). The realty company for the Plaintiff was Coldwell Banker (South Shore Realty), which is located in Baldwin County, Alabama. (Ellenburg Affidavit ¶ 3). The realtor for the Defendants Doyce W. Ellenburg and Shirley F. Ellenburg was C.B. Brierty, who is located in Baldwin County, Alabama. (Ellenburg Affidavit ¶ 3). The agreement required the earnest money funds to be deposited in the Selling Broker's Escrow Account, which is listed in the agreement as Coldwell Banker South Shore Realty. (Answer ¶ 6). Per the requirements of the Agreement, Plaintiff deposited $200,000 earnest money into escrow. (Answer ¶ 6). Apparently, however, this earnest money was deposited with Summit Realty Southeast, LLC. (Answer ¶ 6).

Plaintiff did not complete the purchase of Rattlesnake Ridge Horse Farm in the time allowed under the terms of the contract. The $200,000 earnest money still remains in escrow. Plaintiff filed this action to recover the earnest money. Defendants

1086168

2

answered and filed a counterclaim alleging that the earnest money belongs to them as liquidated damages under the contract.

## ARGUMENT FOR CHANGE OF VENUE

This lawsuit against Defendants Doyce W. Ellenburg and Shirley F. Ellenburg should be transferred to the United States District Court for the Southern District of Alabama. "Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for: (1) the convenience of the parties; (2) the convenience of the witnesses; and, (3) the interests of justice." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, (M.D. Ala. 1998); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

This action originally could have been brought in the Southern District of Alabama pursuant to the venue rules set forth in 28 U.S.C. § 1391(a). The venue rule in § 1391(a) states that an action based on diversity of citizenship may be brought in a "judicial district where any defendant resides, if all defendants reside in the same State" or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a). This case is before the Court on diversity of citizenship of the Plaintiff and the Defendants. Plaintiff Vizionworks, LLC has its principal place of business in Georgia. The Defendants Doyce W. Ellenburg and Shirley F. Ellenburg reside in Alabama and Defendant Summit Realty Southeast is presumably located in Alabama. Therefore, under § 1391(a), the action could have been initiated in the

1086168                                                                                                                       3

Southern District of Alabama where Defendants Doyce W. Ellenburg and Shirley F. Ellenburg reside, where the property lies and where the contract originated.

The decision whether to grant a motion for a change of venue is within the sound discretion of the court. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089 (M.D. Ala. 1996); *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983); See also *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193 (11th Cir. 1991). When making this decision, the Court is guided by a number of factors, including:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system.

*Gould*, 990 F. Supp. 1354; See *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947) (decided before enactment of § 1404); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla.1996).

In addition, "the court maybe also consider 'where the operative facts underlying the cause of action transpired.'" *Folkes v. Haley*, 64 F. Supp. 2d 1152 (M.D. Ala. 1999). Other than the Plaintiff's choice, all of these factors are balanced in the Defendants favor and indicate that the Southern District of Alabama is the proper place to bring this suit.

The parties to the lawsuit, Defendants Doyce W. Ellenburg and Shirley F. Ellenburg, reside in Baldwin County in the Southern District of Alabama. Defendant Summit Realty Southeast LLC is allegedly located in Lee County, which is in the Middle District. (Affidavit of Doyce W. Ellenburg.) However, the only relation that Summit Realty bears to these claims is that it is holding the

earnest money in escrow. Summit Realty is only an innocent stakeholder with no testimony nor records that aid in the adjudication of this case. Either party could be directed by the District Court for the Southern District of Alabama to release the funds to the other party. It is not essential or necessary for Defendant Summit Realty to appear in court in this action. Plaintiff Vizionworks, LLC is located in Georgia, so the convenience for it to appear in Alabama is balanced equally regardless of whether the case is in the Middle District or the Southern District. Therefore, for the convenience of the parties, the action should be moved to the Southern District of Alabama.

The convenience of the witnesses would be greatly served by moving the action to the Southern District. The realty companies involved in the proposed purchase are both located in Baldwin County. The zoning board and public officials are located in Baldwin County. Right-of-way witnesses are located there. Records are located there. Therefore, the vast majority of the witnesses to the negotiations between the Ellenburgs and Vizionworks, LLC are located in the Southern District. The Purchase Agreement called for issues of access, wetlands and zoning to be addressed. Because of this, documents and officials from the City of Gulf Shores and Baldwin County were addressed. Also, an engineer who worked on the development plans for the Plaintiff is located in Baldwin County. It is clearly more convenient for the witnesses involved in this case if the action is moved to the Southern District. (Affidavit of Doyce W. Ellenburg)

1086168

5

The same considerations regarding potential witnesses are applicable to the location of documents and sources of proof necessary for this action. The Ellenburg Defendants reside in Baldwin County, so all of the documents concerning this transaction that they possess are located there. The documents possessed by the realty companies and closing attorneys are located in Baldwin County. In further support, the documents regarding zoning and environmental issues for the property are located in Baldwin County. Once again, the vast majority of documents and proof needed in this action are located in the Southern District.

The relative ability of the parties to bear the expense of changing the forum is clearly balanced in the Ellenburg Defendants favor. Doyce and Shirley Ellenburg are individuals that reside in Baldwin County. Plaintiff Vizionworks LLC is a corporation accustomed to dealing with out-of-state sellers in fulfilling its mission to purchase and develop real estate. The Plaintiff made the initial visit to the property in Baldwin County. All of the negotiations and investigation of the property occurred in Baldwin County. Finally, the Plaintiff will be required to travel to Alabama to prosecute this claim regardless of whether the action is maintained in the Middle District or the Southern District. On the other hand, the Defendants will have to travel a substantial distance just to reach the Middle District. The travel issue is further evidence that the Plaintiff can bear the expense of changing the forum from the Middle District to the Southern District better than the Defendants.

The judicial efficiency and expense related to an action is a very important factor. Several federal courts have noted that "[a] district court may properly transfer a case to `the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most easy, expeditious and inexpensive.'" *Folkes*, 64 F. Supp. 2d at 1152, *Hutchens*, 928 F.Supp. at 1090 (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)(fn1) (quoting *Gilbert*, 330 West Page 1155 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055)). It is readily apparent that the trial would be most easily tried in the Southern District due to the accumulation of the parties, witnesses, and documents located in this District. Also, the trial would be more inexpensive in the Southern District because of the close proximity of the parties and witnesses to this area. The parties would not be required to travel to the Middle District, to pay for the transportation of documents, and to compensate witnesses for travel required by subpoenas for depositions and production of documents. Also, courts have noted that "'there is a local interest in having localized controversies decided at home'". *Folkes*, 64 F. Supp. 2d at 1152; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This controversy involves real property located in Baldwin County, which is the best example of district have a local interest in a controversy.

This accumulation of many factors illustrates perfectly the argument that the most convenient place to bring this cause of action is in the Southern District of Alabama. The action originally could have been brought in the Southern District. The only Defendant residing outside of the Southern District is Summit

Realty, but it is merely a party of interest that has no real stake in the claim for the earnest money. The majority of the parties are located in the Southern District and the overwhelming majority of witnesses and documents are located in the Southern District. For these reasons, Defendants Doyce W. Ellenburg and Shirley F. Ellenburg respectfully request that the venue of this action be moved from the Middle District of Alabama to the Southern District of Alabama.

Respectfully submitted this the 5th day of March, 2007.

GEORGE L. BECK, JR. (BEC011)
ATTORNEY FOR DEFENDANTS

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:   (334) 241-8000
Facsimile:    (334) 323-8888

1086168

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing document on the following counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to them on this 5th day of March, 2007.

L. Graves Stiff, III
W. Drake Blackmon
STARNES & ATCHISON
P.O. Box 598512
Birmingham, AL  35259-8512

/s/ George F. Baker
OF COUNSEL