IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

VIZIONWORKS, LLC, a limited    *
liability company,    *
   *
      Plaintiff,    *
   *
v.    *   CASE NO. 2:07-cv-96-MEF
   *
DOYCE W. ELLENBURG, an individual; *
SHIRLEY F. ELLENBURG, an    *
Individual; SUMMIT REALTY    *
SOUTHEAST, LLC, a corporation,    *
   *
      Defendants.    *

## ANSWER AND COUNTERCLAIM OF THE DEFENDANTS DOYCE W. ELLENBURG AND SHIRLEY F. ELLENBURG

COME NOW the Defendants Doyce W. Ellenburg and Shirley F. Ellenburg, by and through counsel, and file this Answer to the Complaint and state as follows:

### GENERAL

1.      The Defendants neither admit nor deny the name and entity of the Plaintiff, but admit the name, age and residence of these individual Defendants as alleged in paragraph 1.  The Defendants neither admit nor deny the allegation in paragraph 1 concerning the Co-Defendant Summit Realty Southeast, LLC, but demand strict proof thereof.

2.      The Defendants neither admit nor deny the allegation of complete diversity of citizenship contained in paragraph 2 but admit that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

3.      The Defendants deny the allegation about venue contained in paragraph 3 and demand strict proof thereof.  For further answer, the Defendants allege that the

contract which is made the subject matter of this Complaint requires that $200,000.00 in earnest money be deposited in "Selling Broker's Escrow Account," which is designated in the contract as Coldwell Banker South Shore Realty.

4.    The Defendants admit the allegation contained in paragraph 4 that the Plaintiff and the Defendants entered into negotiation for the purchase of the subject property.    The Defendants neither admit nor deny all other allegations contained in paragraph 4 and demand strict proof thereof.

5.    The Defendants admit the allegation contained in paragraph 5 that Plaintiff and these Defendants entered into a Commercial Real Estate Purchase and Sale Agreement for the purchase of real estate known as Rattlesnake Ridge Horse Farm in Gulf Shores, Alabama, either on May 25 or May 27, 2006.    The Defendants deny all remaining allegations contained in paragraph 5 as stated by the Plaintiff.    For further answer to paragraph 5, the Defendants allege that said contract contained the following paragraph related to default:

> "10.    DEFAULT: REMEDIES:  In the event the sale is not closed because of Seller's inability, failure, or refusal to perform any of Seller's obligations herein, Broker shall return the Earnest Money to Purchaser, which shall not constitute a waiver of any other right or remedy Purchaser may have against Seller.  Purchaser agrees that if the sale if not closed because of Purchaser's inability, failure, or refusal to perform any of Purchaser's obligations herein, Purchaser shall forthwith pay the Earnest Money to Seller as liquidated damages of Seller which shall be full settlement of any claim for damages against Purchaser.  In such event, said sum shall be Seller's sole and exclusive remedy for such default and no action for specific performance shall thereafter be available against Purchaser."

Said contract also contains the following clause in reference to special stipulations:

"14.  SPECIAL STIPULATIONS:  The following Special Stipulations shall, if conflicting with the foregoing, control:

Seller grants to Purchaser a one hundred fifty (150) day due diligence period which will begin the date of the last person to sign this Agreement. During this due diligence period, the Purchaser shall obtain any necessary environmental studies; including but not limited to an acceptable Phase I environmental study, soil tests, wetlands delineation, and a boundary and topographical survey with results acceptable to the Purchaser.  These reports and/or survey will be paid for by the Purchaser.  During this due diligence the Purchaser will apply for rezoning from the City of Gulf Shores, the sale is subject to Purchaser receiving acceptable rezoning of the property.  The sale is subject to the Purchaser obtaining financing from a lending institution under terms and conditions acceptable to the Purchaser.  Purchaser will provide Buyer with documentation from a lender verifying Purchaser's ability to obtain financing within thirty (30) days from execution of this agreement.  The sale is subject to all utilities including water and sanitary sewer being available to the site.  If any of these conditions cannot be met to the Purchaser's satisfaction during the one hundred fifty (150) day due diligence period, this sale is null and void and the escrow money will be returned to Purchaser.  Closing shall be on or before thirty (30) days from the date Purchaser receives approval for the rezoning request from the City of Gulf Shores.  Purchaser agrees that Seller shall have sixty (60) days from the date of closing to vacate the property and forfeits all rights to the property upon that sixty (60) day time. Seller agrees to grant to Purchaser up to three (3) thirty (30) day extensions to the due diligence period.  For each extension requested by Purchaser, in written format, the Purchaser agrees to pay to Seller a sum of fifty thousand dollars ($50,000) which is nonrefundable; the sum paid will be applied to the purchase price at closing.

Where applicable in this agreement the term "reasonable time" is defined to be five (5) business days upon receipt, and Seller will have seven (7) business days to correct any objections presented by Purchaser."

6.     The Defendants admit that the Plaintiff deposited earnest money in the amount of $200,000.00 as alleged in paragraph 6.  However, the Defendants deny the allegation contained in paragraph 6 that Summit Realty Southeast was to hold said funds pursuant to the terms of the agreement.  For further answer, the Defendants allege that paragraph 2 of said agreement required the $200,000 earnest money to be deposited in Selling Broker's Escrow Account who is listed in said contract as Coldwell

Banker South Shore Realty. For further answer, the Defendants allege that they have seen a check dated May 30, 2006, made payable to Summit Realty SE in the amount of $200,000, but had no knowledge that said check was not otherwise endorsed or deposited into the account of Coldwell Banker as required under the contract.

7.    The Defendants deny each and every allegation contained in paragraph 7 and demand strict proof thereof. For further answer to the allegations contained in paragraph 7, the Defendants, upon information and belief, aver as follows:

a.    The Plaintiff failed to exercise due diligence.

b.    The Plaintiff made no reasonable attempt, if any at all, to apply for rezoning from the City of Gulf Shores.

c.    The Plaintiff was aware as a matter of public records, the existence of a thirty (30) foot right of way for ingress and egress, and made no reasonable efforts to otherwise obtain additional rights of way.

d.    The Plaintiff was aware of the general nature and extent of wetlands on said property before executing said contract. Additionally, an initial report from their own landscape architect was available as early as June 16, 2006.

e.    As of July 7, 2006, the Defendants had been assured by the Regions Bank of Macon, Georgia, that the Plaintiff qualified for an $11,000,000 loan on real estate.

f.    The Plaintiff informed the Defendants that it was either satisfied with its due diligence, or, in absence of conducting due diligence, would either develop or "flip" the property by assigning its contract to a different purchaser.

g.      In reliance upon Plaintiff's representations, the Defendants kept the property off the market in favor of the Plaintiff and sold or otherwise disposed of and transferred their horses from their property in anticipation of the closing.

h.      All conditions of the Special Stipulations as contained in the contract could have been met upon the exercise of due diligence by the Plaintiff.

8.      The Defendants admit the allegation contained in paragraph 8.  For further answer, the Defendants incorporate the answer given to paragraph 7 above.

9.      The Defendants deny each and every allegation contained in paragraph 9 and demand strict proof thereof.

## COUNT I
### Breach of Contract

10.      For answer to paragraph 10, the Defendants adopt and incorporate the answers given to paragraphs 1 through 9 above as if fully set forth herein.

11.      The Defendants deny each and every allegation contained in paragraph 11 and demand strict proof thereof.

## COUNT II
### Specific Performance

12.      For answer to paragraph 12, the Defendants adopt and incorporate answers to paragraphs 1 through 11 as if fully set forth herein.

13.      The Defendants deny each and every allegation contained in paragraph 13 and demand strict proof thereof.

1086143

## COUNT III
## Request for Declaratory Judgment

14.    The Defendants adopt and incorporate answers to paragraphs 1 through 13 as if fully set forth herein.

15.    The Defendants deny the allegations of paragraph 15 as stated.  For further answer, the Defendants state that the contract language is plain and unambiguous and therefore does not give rise to such a justiciable controversy as gives the Court jurisdiction to enter declaratory judgment.  The Defendants maintain that they are entitled to receive the $200,000 held as earnest money under the plain terms of the contract.

## AFFIRMATIVE DEFENSES

1.    This case is inappropriately filed in the United States District Court for the Middle District of Alabama and should be either dismissed or transferred to the United States District Court for the Southern District of Alabama.

2.    The Defendants plead not guilty.

3.    The Complaint fails to state a cause of action against these Defendants.

4.    The Plaintiff fails to come into equity with clean hands.

5.    The Plaintiff is guilty of breaching the real estate contract by causing said earnest money to be deposited with the improper listing broker, or failing to reasonably conduct due diligence, or otherwise failing to perform the conditions precedent or conditions subsequent that would entitle the Plaintiff to any refund.

6.    The Plaintiff is estopped from recovering any earnest money for failure to act in good faith or to otherwise conduct reasonable due diligence or to otherwise reasonably perform the terms of the written agreement.

**COUNTERCLAIM**
**Specific Performance**

1.    Counter Plaintiffs Doyce W. Ellenburg and Shirley F. Ellenburg, residents of Baldwin County, Alabama, bring this action against Counter Defendant Vizionworks, LLC, a limited liability corporation, organized and existing pursuant to the laws of the State of Georgia, with its principal place of business in Tifton, Georgia.

2.    The Court has jurisdiction of this cause under 28 U.S.C. § 1391(a) based upon diversity of citizenship, and the amount in controversy exceeds $75,000.

3.    On or about May 25, 2006, Counter Plaintiffs entered into a commercial real estate Purchase and Sale Agreement (Agreement) for the purchase of property in Baldwin County known as Rattlesnake Ridge Horse Farms in Gulf Shores, Alabama (Property).    A copy of the Agreement in marked Exhibit A, attached hereto and specifically incorporated herein by reference.

4.    Said Agreement contains the following clause in reference to special stipulations:

> "14.    SPECIAL STIPULATIONS:    The following Special Stipulations shall, if conflicting with the foregoing, control:
>
> Seller grants to Purchaser a one hundred fifty (150) day due diligence period which will begin the date of the last person to sign this Agreement. During this due diligence period, the Purchaser shall obtain any necessary environmental studies; including but not limited to an acceptable Phase I environmental study, soil tests, wetlands delineation, and a boundary and topographical survey with results acceptable to the Purchaser.    These reports and/or survey will be paid for by the Purchaser.    During this due diligence the Purchaser will apply for rezoning from the City of Gulf

Shores, the sale is subject to Purchaser receiving acceptable rezoning of the property. The sale is subject to the Purchaser obtaining financing from a lending institution under terms and conditions acceptable to the Purchaser. Purchaser will provide Buyer with documentation from a lender verifying Purchaser's ability to obtain financing within thirty (30) days from execution of this agreement. The sale is subject to all utilities including water and sanitary sewer being available to the site. If any of these conditions cannot be met to the Purchaser's satisfaction during the one hundred fifty (150) day due diligence period, this sale is null and void and the escrow money will be returned to Purchaser. Closing shall be on or before thirty (30) days from the date Purchaser receives approval for the rezoning request from the City of Gulf Shores. Purchaser agrees that Seller shall have sixty (60) days from the date of closing to vacate the property and forfeits all rights to the property upon that sixty (60) day time. Seller agrees to grant to Purchaser up to three (3) thirty (30) day extensions to the due diligence period. For each extension requested by Purchaser, in written format, the Purchaser agrees to pay to Seller a sum of two hundred thousand dollars ($200,000) which is nonrefundable; the sum paid will be applied to the purchase price at closing.

Where applicable in this agreement the term "reasonable time" is defined to be five (5) business days upon receipt, and Seller will have seven (7) business days to correct any objections presented by Purchaser."

5.    Said Agreement also contained the following clause in reference to default:

"10.    DEFAULT: REMEDIES:    In the event the sale is not closed because of Seller's inability, failure, or refusal to perform any of Seller's obligations herein, Broker shall return the Earnest Money to Purchaser, which shall not constitute a waiver of any other right or remedy Purchaser may have against Seller. Purchaser agrees that if the sale if not closed because of Purchaser's inability, failure, or refusal to perform any of Purchaser's obligations herein, Purchaser shall forthwith pay the Earnest Money to Seller as liquidated damages of Seller which shall be full settlement of any claim for damages against Purchaser. In such event, said sum shall be Seller's sole and exclusive remedy for such default and no action for specific performance shall thereafter be available against Purchaser."

1086143

8

6.     The Counter Plaintiffs performed all conditions of the Agreement on their part, but the Counter Defendant breached said agreement by failing to exercise due diligence or otherwise comply with the terms of the contract, including the special conditions contained in paragraph 4 above.

6.     As a proximate consequence and result of the breach of said agreement by the Counter Defendants, Counter Plaintiffs were injured and damaged by the failure to receive $200,000 of earnest money stipulated by the parties as liquidated damages.

WHEREFORE, Counter Plaintiffs request a judgment against the Counter Defendant in the amount of $200,000 together with interest and costs.

Respectfully submitted this the 5th day of March, 2007.

GEORGE L. BECK, JR. (BEC011)
ATTORNEY FOR DEFENDANTS

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:   (334) 241-8000
Facsimile:   (334) 323-8888

1086143

9

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to them on this __5th__ day of March, 2007.


L. Graves Stiff, III
W. Drake Blackmon
STARNES & ATCHISON
P.O. Box 598512
Birmingham, AL  35259-8512




_____
OF COUNSEL