UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **VIZIONWORKS, LLC, a limited liability corporation,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DOYCE W. ELLENBURG, an individual;** )<br>**SHIRLEY F. ELLENBURG, an individual;** )<br>**SUMMIT REALTY SOUTHEAST, LLC,** )<br>**a corporation,** )<br>)<br>**Defendants.** ) | CASE NO. 2:07-CV-96-MEF |

### REPLY TO MOTION FOR CHANGE OF VENUE

COMES NOW the Plaintiff, VIZIONWORKS, LLC (Vizionworks), and hereby submits its Reply to the Motion for Change of Venue filed by Defendants Doyce W. and Shirley F. Ellenburg (the Ellenburgs) and states as follows:

1.  In support of their Motion for Change of Venue, the Ellenburgs correctly assert that there are witnesses and parties in this action located in the Mobile area. However, Summit Realty Southeast, a defendant in this action, is located in the Middle District, and Vizionworks, the plaintiff, is located in Georgia. Additionally, there are numerous witnesses in this case other than those enumerated by counsel for the Ellenburgs who are located in areas outside of the Southern District, including Georgia and Colorado. Furthermore, counsel for the Ellenburgs is located in Montgomery and counsel for Vizionworks is located in Birmingham. Accordingly, the venue of this action in the Southern District would be no more convenient than is the Middle District.

{B0689458}

2. It is Federal law that a plaintiff's choice of forum in an action is to be afforded *considerable* deference, and the movant who invokes the doctrine of *forum non conveniens* has the burden of providing evidence sufficient to rebut that presumption. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248-49 (1981). Further, federal courts have consistently held that in order to obtain a transfer based on *forum non conveniens*, the moving party must *clearly* establish that the balancing interests favor transfer of the action from the plaintiff's chosen forum to another more convenient forum, and if the equities only slightly favor a transfer, the plaintiff's choice should not be disturbed. See Stewart Org., Inc. v. Ricoh Corp., 696 F. Supp. 583, (N.D. Ala. 1988).

3. Accordingly, as Vizionworks' choice of venue is to be given considerable deference and the Ellenburgs have not met their burden of clearly establishing that this action should be transferred, the Ellenburgs' Motion for Change of Venue is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Vizionworks requests that this Court deny the Ellenburgs' Motion for Change of Venue.

{B0689458}

Respectfully Submitted

<u>s/W. Drake Blackmon</u>
L. Graves Stiff, III.
Bar Number: ASB-0693-S70L
W. Drake Blackmon
Bar Number: ASB-1566-W86B
Attorneys for Vizionworks, LLC
STARNES & ATCHISON, LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: Gstiff@starneslaw.com
           Dblackmon@starneslaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cowin Knowles, Esq.
BALL, BALL, MATHEWS & NOVAK, PA
PO Box 2148
Montgomery, AL 36102-2148


George L. Beck
CAPELL & HOWARD, P.C.
P.O. Box 2069
150 South Perry Street
Montgomery, Alabama 36104

{B0689458}

<u>s/W. Drake Blackmon</u>
L. Graves Stiff, III.
Bar Number: ASB-0693-S70L
W. Drake Blackmon
Bar Number: ASB-1566-W86B
Attorneys for Vizionworks, LLC
STARNES & ATCHISON, LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: Gstiff@starneslaw.com
       Dblackmon@starneslaw.com

{B0689458}