IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIZIONWORKS, LLC, a limited liability company, | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) CASE NO. 2:07-cv-96-MEF-TFM ) |
| DOYCE W. ELLENBURG, *et al.,* | ) (WO-Not for publication) ) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before this Court on Defendants Doyce W. Ellenburg and Shirley F. Ellenburg's Motion for Change of Venue (Doc. # 6).

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

On February 2, 2007, Vizionworks, LLC ("Vizionworks"), a Georgia limited liability company, filed this suit. Vizionworks named two individual defendants and a corporate defendant. Doyce and Shirley Ellenburg ("the Ellenburgs"), the individual defendants are residents of Baldwin County, Alabama, which is located within the Southern District of Alabama. Summit Realty Southeast, LLC ("Summit Realty"), the remaining defendant, is an Alabama limited liability corporation with its principal place of business within the Middle District of Alabama.

The Ellenburgs are the owners of some real property located in Baldwin County, Alabama. After some negotiations in Baldwin County, the Ellenburgs entered into a Commercial Real Estate Purchase and Sale Agreement ("the Agreement") to sell the property

to Vizionworks, a Georgia real estate development corporation involved in the purchase and development of land for residential subdivisions and other uses.[1]  Vizionworks deposited earnest money in the amount of $200,000 with Summit Realty Southeast, which agreed to hold the funds pursuant to the terms of the Agreement.  Summit Realty Southeast is an Alabama corporation with its principal place of business in Auburn, Alabama.[2]

In this lawsuit, Vizionworks alleges that the Ellenburgs have breached the Agreement by failing to acknowledge Vizionworks' alleged right under the Agreement to cancel and rescind the Agreement based on the results of the due diligence examination and by refusing to authorize the return of the earnest money deposit to Vizionworks.  Vizionworks asks this Court to exercise its equitable powers to direct the Ellenburgs to specifically perform their obligations under the Agreement.  Vizionworks also seeks a declaratory judgment that it is entitled to a refund of the earnest money and with interest.

## DISCUSSION

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090

---

[1] The Agreement was executed in Baldwin County.

[2] Auburn, Alabama is located within the Middle District of Alabama.

(M.D. Ala.1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994); *Holmes v. Freightliner, LLC.*, 237 F. Supp. 2d 690, 692 (M.D. Ala. 2002).

Section 1404(a) only applies in cases where the plaintiff's chosen venue is an appropriate venue. The parties do not dispute that the Middle District of Alabama is a proper venue. Second, the action may only be transferred to a venue in which the action could have originally been brought. *See* 28 U.S.C. § 1404(a). It is also apparently undisputed that this action could have originally been brought in the Southern District of Alabama, the venue proposed by the movant and a venue in which several defendants reside and where a substantial part of the events giving rise to the claims occurred.[3]

After determining whether the action could have been brought in the transferee district court, the Court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to

---

[3] The realty company that Vizionworks used in this transaction is located in Baldwin County. The realtor for the Ellenburgs is located in Baldwin County. Many of the witnesses expected to testify in this case, including the realtors and attorneys who represented the parties in the negotiations relating to the Agreement are located in Baldwin County. Documents relating to the due diligence issues in the Agreement are located in Baldwin County. Witnesses with knowledge of issue relating to property access, wetlands, zoning, and development, including the engineer who worked on Vizionworks' development plans for the property which was the subject of the agreement are located in Baldwin County.

sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *See Folkes v. Haley*, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996).

Section 1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct, and accordingly, the court affords deference to a plaintiff's selection. The defendant, therefore, bears the burden of demonstrating that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). Section 1404(a) allows transferring to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). The court faced with a motion to transfer must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See In re Ricoh Corp.*, 870 F.2d at 573; *Hutchens*, 928 F. Supp. at 1090. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp. 2d 757, 774 (E.D. Tex. 2000) (citation omitted). Residence in the filing district is not the sole consideration in determining the proper weight to afford the plaintiff's choice. Courts also afford substantial weight to the plaintiff's chosen forum when that forum is

connected with the subject matter of the lawsuit. *See Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996); *Johnston*, 158 F.R.D. at 505 ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.").

The Court is persuaded that in this case, the Ellenburgs have met their burden of establishing that the Southern District of Alabama is a substantially more convenient forum. Plaintiff does not reside in either of the possible districts and clearly understood that it would be incurring the additional expenses brought about by litigating in a distant venue. Moreover, Plaintiff selected legal counsel located in a city outside of this district and far away from the witnesses found in this state and must have anticipated some travel by counsel attendant to the litigation. The primary defendants to this action, the Ellenburgs, reside in the Southern District of Alabama. Moreover, a substantial number of non-party witnesses are located in the Southern District of Alabama. This fact is very important when the Court weighs the convenience of witnesses to this action as well as the availability of compulsory process for witnesses. Additionally, many of the documentary records relevant to the issues in this case are located and maintained in the Southern District of Alabama.

The only connection this district has to this case is that the stakeholder for the earnest money can be found here. Plaintiff prefer to litigate this matter in this district. Nevertheless, it has been established that during the course of creating the business relationships with

Defendants to this action, Plaintiff conducted business in the Southern District of Alabama. Obviously, it cannot be said that the Southern District of Alabama is too inconvenient a venue for Plaintiff to litigate in.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1)  Defendants Doyce W. Ellenburg and Shirley F. Ellenburg's Motion for Change of Venue (Doc. # 6) is GRANTED.

(2)   It is further ORDERED that this action be, and the same hereby is TRANSFERRED to the United States District Court for the Southern District of Alabama, Southern Division for all further proceedings.

DONE this the 12th day of April, 2007.

                /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE